UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                      Case No.: 8:18-cr-465-WFJ-AEP

JUAN ANDRES JULIO CARDALES
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Juan Andres Julio Cardales, USM#: 71218-018, moves (Dkt. 133) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 7, 2019, Juan Andres Julio Cardales was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 120 months. Juan Andres Julio Cardales's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Cardales's advisory sentencing range was 135-168 months, and he received a sentence below the guidelines, based on a two-level downward departure.[1] The Bureau of Prisons reports that his projected release is April 12, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

---

[1] He received a sentence in the middle of the range for an offense level of 31 (108-135).

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Juan Andres Julio Cardales is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.  The Federal Defender appears, confirms Juan Andres Julio Cardales's eligibility for a reduction, and moves unopposed to reduce his sentence to 96 months (a 24-month reduction in sentence).[2]  Counsel argues for a corresponding downward departure of "approximately 11%" from the low end (108) of the new guideline range.

      The Court exercises its discretion to deny such a reduction.  The Court finds Defendant would remain a danger to the safety of others and to the community if released from prison given the nature and circumstances of his offense.  Defendant's offense involved 570 kilograms of cocaine.  Dkt. 62 ¶ 20.  The United States Coast Guard seized the cocaine only after using disabling fire to stop the go-fast vessel on which Defendant was a crew member.  *Id*. ¶¶ 14–15.  Although Defendant did not have prior convictions, Homeland Security Investigation records

---

[2] Although the USPO memorandum requests an 87-month sentence (a 33-month reduction in sentence), the unopposed motion seeks a 96-month sentence.  *Compare* Dkt. 128 at 3 *with* Dkt. 133 at 2, 4.

reflect that he was arrested in 2013 for similar conduct. *Id.* ¶ 34. In that incident, the Coast Guard turned Defendant over to Colombian authorities after intercepting his fishing boat with ten bales of cocaine onboard. *Id.*

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and the Court finds those factors weight against a reduction in sentence. Defendant's offense involved a significant amount of cocaine. Dkt. 62 ¶ 20. The offense carried a ten-year mandatory minimum sentence, and Defendant's guideline imprisonment range was 135 to 168 months. *Id.* ¶¶ 60–61. Defendant was sentenced below this range because the Court granted a two-level downward departure. Dkts. 70, 73. Finally, Defendant is a Colombian citizen with an unresolved ICE detainer.

Mr. Juan Andres Julio Cardales's motion (Dkt. 133) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 28, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE